UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JOSHUA RAY HYATT**                                                                       **CIVIL ACTION**

**VERSUS**                                                                                         **NO. 23-815**

**TIM SOIGNET, ET AL.**                                                                 **DIVISION "5"**

### ORDER AND REASONS

Plaintiff Joshua Ray Hyatt, a state prisoner, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983 against Sheriff Tim Soignet, the Terrebonne Parish Consolidated Government, Lieutenant Schwausch, Warden Rhonda Ledet, Officer Kim Boudreaux, and Nurse Dominique.  (Rec. doc. 3).  In this lawsuit, Plaintiff claims deliberate indifference to his serious medical needs and inhumane living conditions at the Terrebonne Parish Criminal Justice Complex.  (*Id.*).  The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.  (Rec. doc. 30).

This Court's Local Rules provide:  "Each attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." E.D. La, Loc. R. 11.1.  It is clear that Plaintiff was in fact aware of that obligation, in that his complaint included the following declaration:  "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."  (Rec. doc. 3 at 10).  Additionally, this Court's Local Rules provide:

> The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect

address and no correction is made to the address for a period of 35 days from the return.

E.D. La., Loc. R. 41.3.1.[1] More than 35 days ago, on October 18, 2023, mail sent to Plaintiff at the Terrebonne Parish Criminal Justice Complex, his address of record, was returned by the United States Postal Service as undeliverable. (Rec. doc. 34).[2]

In light of the foregoing, it is appropriate to dismiss Plaintiff's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. *Link v. Wabash R.R.*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. *Ramsay v. Bailey*, 531 F.2d 706, 707 (5th Cir. 1976).

Because Plaintiff proceeds *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). Here, Plaintiff has failed to provide the Court with his current address despite being aware of his obligation to do so,

---

[1] Moreover, the Local Rules also provide: "Everyone who appears in court in proper person and every attorney admitted to practice in this court must be familiar with these rules." E.D. La., Loc. R. 83.2.7.

[2] At one time, Plaintiff was represented by counsel. That counsel moved to withdraw when a conflict of interest arose. (Rec. doc. 32). The Court granted the motion to withdraw. (Rec. doc. 33). In that Order, the Court stayed this lawsuit until December 23, 2023 to allow Plaintiff time to retain new counsel. (*Id.*). Accordingly, even though the mail was returned to this Court on October 18, 2023 (and 35 days have long passed), out of an abundance of caution, this Court has waited until after December 23, 2023 to issue this Order.

and mail sent to him at his address of record has been returned as undeliverable. Due solely to Plaintiff's failure, his whereabouts are unknown, and this Court has no way to contact him to secure the expeditious resolution of this case. Therefore, dismissal is appropriate. Accordingly,

**IT IS ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE** for failure to prosecute.

New Orleans, Louisiana, this __20th__ day of _____December_____, 2023.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**